WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arash Ardalan, | No. CV-24-02429-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| NAU School of Nursing, et al., | |
| Defendants. | |

Before the Court is Defendants NAU School of Nursing, Stephanie Shapiro, Sandra Camille Short, Laura Jeanne Blank, Nicole Forrester, Natalie Benitez, Angelita Boloz, and Veronica Elstro's ("Defendants") Motion to Dismiss (Doc. 11) Plaintiff Arash Ardalan's Amended Complaint (Doc. 1-1). Plaintiff filed a Response (Doc. 16), and Defendants filed a Reply (Doc. 17). Having reviewed the briefing and the relevant case law, the Court will dismiss Plaintiff's Amended Complaint. The Court will also grant Plaintiff leave to amend a Second Amended Complaint for his Title VI claim only.

**I.   BACKGROUND**

In this case, Plaintiff asserts violations of Title VI of the Civil Rights Act of 1964 and Arizona Revised Statute § 13-1303. (Doc. 1-1 at 50.) Plaintiff initially filed this case in Maricopa County Superior Court. (*See id.*) While in Superior Court, Plaintiff filed the instant Amended Complaint before Defendants removed the case to this Court. (*Id.* at 50; Doc. 1.)

The factual allegations underpinning Plaintiff's claims are rather straightforward.

1  He alleged NAU Nursing terminated him from its program due his "ethnicity, color, and
2  national origin in violation of Title VI." (Doc. 1-1 at 50.) Plaintiff seeks to hold seven of
3  the eight Defendants liable for this violation, although he does not specifically allege under
4  which civil rights statute he intends to sue. (*See id.*) As to the eighth Defendant, Laura
5  Blank, Plaintiff alleges that she subjected him to "unlawful imprisonment" in violation of
6  Arizona's criminal code. (*Id.*); Ariz. Rev. Stat. § 13-1303. Plaintiff's claimed injuries are
7  "[t]ermination from the nursing program," "[d]etainment and staying in a mental rehab
8  center for 5 days," and "[d]iscrimination for ethnicity [and] national origin."[1] (Doc. 1-1
9  at 50.)

10  Plaintiff asserts the following as demands for relief: (1) "Monetary compensation
11  for 9 months [of] hard work[] at the school which was wasted by termination"; (2)
12  "Monetary compensation for psychological damages I received [due to] discrimination";
13  (3) "Monetary compensation for wrongful detainment and staying in a mental health rehab
14  center"; (4) "Although I suffered at the school, I need to go back to school in order to
15  graduate and get my degree"; and (5) "If I go back to school, I need monetary compensation
16  for the time I stayed out of school, unemployment and late graduation." (*Id.* at 50–52.)

17  **II.    LEGAL STANDARD**

18  To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet
19  the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the
20  claim showing that the pleader is entitled to relief," so that the defendant has "fair notice
21  of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,
22  550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This exists
23  if the pleader sets forth "factual content that allows the court to draw the reasonable
24  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556
25  U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported
26  by mere conclusory statements, do not suffice." *Id.*

---

[1] The Court recognizes an error in the pagination of the Amended Complaint. ECF No. 1-1 at 51–52 each denote at the bottom center of the page that it is "Page 4 of 4" of the Amended Complaint. However, the Court is able to glean what constitutes injury and, separately, what constitutes Plaintiff's demand for relief.

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III. DISCUSSION

### A. Arizona's Notice of Claim Statute

Arizona's notice of claim statute provides public entities the ability to investigate claims made against it, assess liability, and consider settlement before litigation ensues. *City of Mesa v. Ryan*, 557 P.3d 316, 319 (Ariz. 2024). That statute provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. § 12-821.01(A). "When a person asserts claims against a public entity and public employee, the person 'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (quoting *Crum v. Superior Court,* 922 P.2d 316, 317 (Ariz. App.1996)) (emphasis in original). Arizona courts require *strict* compliance with the statute's plain terms, barring plaintiffs who effect less that such compliance from bringing suit. *See City of Mesa*, 557 P.3d at 320–21; *Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005); *Harris*, 160 P.3d at 230.

    Defendants assert that Plaintiff failed to serve a notice of claim on Stephanie Shapiro, Sandra Camille Short, Laura Jeanne Blank, Natalie Benitez, Angelita Boloz, and Veronica Elstro. (Doc. 11 at 3–4.) Each of those individual Defendants submitted affidavits in which they attest that they "have never been served with or received a Notice of Claim from [Plaintiff]." (Doc. 11-1 at 2–7.) In his Response, Plaintiff cites to affidavits of service relating to the summons and Complaint in this case. (Doc. 16 at 1.) Unfortunately, those affidavits of service are distinct from the statutory notice of claim requirement when suing public entities and employees. *See* § 12-821.01(A); Fed. R. Civ. P. 4. To initiate this lawsuit, Plaintiff was required to file a notice of claim on each public entity and employee he intended to sue prior to filing his Complaint. *See Harris*, 160 P.3d at 230. Plaintiff has failed to do so and is barred from asserting any state law claim against the above noted individual Defendants related to these claims. Therefore, the Court will dismiss all of the state law claims as to Defendants Stephanie Shapiro, Sandra Camille

Short, Laura Jeanne Blank, Natalie Benitez, Angelita Boloz, and Veronica Elstro, with prejudice.

### B. Jural Entities

Defendants move to dismiss NAU School of Nursing from the Complaint because it is a non-jural entity that cannot be sued in its own name. Plaintiff concedes that NAU cannot be sued. (Doc. 16 at 1 ¶ 3.) The Court agrees that NAU is a non-jural entity and therefore cannot be sued in its own name. *See* Ariz. Rev. Stat. § 15–1626; *Smith v. Dep't of Educ.*, 158 F. App'x 821, 823 (9th Cir. 2005) (holding that Arizona State University could not be sued and that the proper party was the Arizona Board of Regents); *Cohen v. Ariz. State Univ.*, No. CV-21-01178-PHX-GMS, 2022 WL 1747776, at *8 (D. Ariz. May 31, 2022) ("As ASU is not properly subject to suit, Plaintiff's complaint against ASU is dismissed."). Therefore, NAU will be dismissed from this case.

### C. Lack of Service

Defendants also move to dismiss Laura Jeanne Blank, Nicole Forrester, Angelita Boloz because Plaintiff has failed to serve them with a copy of the summons and Complaint. (Doc. 11 at 6.) Plaintiff concedes that he failed to serve these Defendants. (Doc. 16 at 1 ¶ 3.) Rule 4 requires that a defendant be served within ninety (90) days of the filing of a complaint. Fed. R. Civ. P. 4. Because Plaintiff has not complied with this requirement, the above-mentioned Defendants will be dismissed from this case.

### D. Failure to State a Claim

Plaintiff's asserts a single federal claim against Defendants—violation of Title VI. (Doc. 1-1 at 50.) Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. After the Civil Rights Act of 1964 was passed, the Supreme Court developed a burden-shifting framework for discrimination cases brought under Title VII. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Decades later, the Ninth Circuit decided that the *McDonnel Douglas* framework

"also applies to Title VI disparate treatment claims." *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014).

The *McDonnel Douglas* framework requires the plaintiff-employee first establish a prima facie case of discrimination. 411 U.S. at 802. If the plaintiff makes that showing, then the defendant-employer must rebut the presumption of discrimination by "articulat[ing] some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* at 802. "If the employer does so, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reason is a pretext for discrimination." *Pierson v. City of Phoenix*, No. CV-16-02453-PHX-DLR, 2017 WL 4792122, at *3 (D. Ariz. Oct. 24, 2017). "Private parties seeking judicial enforcement of Title VI's nondiscrimination protections must prove intentional discrimination." *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021) (citing *Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001)). "Evidence of discriminatory motive can be direct or indirect." *Rashdan*, 764 F.3d at 1183.

Defendants argue that Plaintiff has not asserted facts to support a prima facie case of discrimination. (Doc. 11 at 6.) Defendants also assert that Plaintiff has done nothing more than cite a list of general grievances against his professors, none of which show intentional discrimination. (*Id.*) In his Response, Plaintiff discusses how his professors discriminated against him several times, but he does not explain how the factual assertions in the Amended Complaint support a prima facie case of discrimination. (*See* Doc. 16 at 2.) Additionally, Plaintiff has copied allegations from the attachments to his Initial Complaint and pastes them into his response. Those assertions are as follows:

1. Professor Shapiro wouldn't answer his question during an exam but answered questions from other students. Her response to his question was: "I do not know, it's your problem, I am not sitting with you on the day of the NCLEX exam."

2. Defendant reported to Professor Short that his nurse mentor for the day would not sign off on his paper (presumably supporting his qualifications). Professor Short went to the mentor and got a bad report. Professor short then used that information to prepare a "contract" which was recorded in Defendant's file. On another occasion, Plaintiff asked Professor Short to work night shifts for clinical because he can't sleep well at night and would prefer to work. Professor Short documented in Plaintiff's file that he intentionally doesn't sleep at night and is therefore

not energetic enough to participate in clinical practices during the day. A false statement.

3. Professor Benitez let Plaintiff know on the first day of his return to clinical that she "does not have time to work with me anymore." Plaintiff claims that she was not giving him as many practice hours in the lab as other students.

4. Professor Elstro told Plaintiff not to say his academic opinion or correct her during discussion because he was a physician in Iran. She didn't and the students to get confused about who to believe.

(*Id.* at 3–5.) These allegations are unadorned with the requisite factual enhancement to show that the professors engaged in purposeful discrimination required under 42 U.S.C. § 2000d. As Defendants have pointed out, these allegations are merely a list of grievances that Plaintiff had with his various professors. There is nothing in these allegations alone to evidence a discriminatory motive. As a result, Plaintiff has failed to establish the prima facie elements of discrimination in the Amended Complaint, and thus fails to meet his threshold burden under *McDonnel Douglas*. *See* 411 U.S. at 802.

## IV. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up).

In this case, all state law claims related to the acts complained of are barred by Arizona's notice of claim statute. Ariz. Rev. Stat. § 12-821.01(A). Therefore, the Court will not grant leave to amend those claims. Plaintiff is granted leave to file a Second Amended Complaint to address deficiencies related to the Title VI claim only. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a second Amended Complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Moreover, Plaintiff must serve all Defendants included in the Second Amended Complaint that have yet to be properly served under Rule 4 after he files his Second

Amended Complaint. Failure to do so will result in the dismissal of those Defendant's from this case.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, [Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov)](). The Court also notes the E-Pro Se program which assists litigants with creating a complaint form, [Welcome - eProSe (uscourts.gov)](). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, [www.azd.uscourts.gov](), by following the link "For Those Proceeding Without an Attorney."

## V.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** granting Defendants Motion to Dismiss (Doc. 11). Plaintiff's Amended Complaint is dismissed with leave to file a Second Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 6th day of March, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge