**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arash Ardalan,<br><br>        Plaintiff,<br><br>v.<br><br>Stephanie Shapiro, Sandra Camille Short, Natalie Benitez, and Veronica Elstro,<br><br>        Defendants. | No. CV-24-02429-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 30) Plaintiff's Second Amended Complaint ("SAC") (Doc. 28), Plaintiff's Response (Doc. 36), and Defendant's Reply (Doc. 40). For the following reasons, the Court **grants** Defendant's Motion.

**I.    BACKGROUND**

Plaintiff, a former nursing student at Northern Arizona University ("NAU"), alleges that his professors discriminated against him, resulting in his termination from the school. Plaintiff notes that he is fifty-four years old, Iranian, and "differed from the others in terms of all subtypes of race such a background, language, accent, skin color, class, national religion, and ethnicity." (Doc. 28 at 2.) The Court previously dismissed Plaintiff's First Amended Complaint (Doc. 1-1 at 50). *See Ardalan v. NAU Sch. of Nursing*, No. CV-24-02429-PHX-SMB, 2025 WL 743989, at *5 (D. Ariz. Mar. 7, 2025). There, Plaintiff sued NAU School of Nursing and NAU professors Laura Jeanne Blank, Nicole Forrester, Angelita Boloz, Stephanie Shapiro, Natalie Benitez, Sandra Camille Short, and

1. Veronica Elstro for violations of Arizona law and discrimination under Title VI. *Id.* at *1. The Court: (1) dismissed the state law claims with prejudice; (2) dismissed NAU as a non-jural entity; (3) dismissed Professors Blank, Forrester, and Boloz for lack of service; and (4) dismissed the Title VI claim for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) with leave to amend. *Id.* at *3–5. Plaintiff then filed the present SAC, which names Professors Shaprio, Benitez, Short, and Elstro as defendants. (Doc. 28 at 2.) Plaintiff re-alleges that Defendants discriminated against him in violation of Title VI. (Doc. 28 at 4.) Defendants move to dismiss the SAC under Rule 12(b)(6) for failure to state a claim. (Doc. 30 at 1.)

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'"

*Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III.  DISCUSSION

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. It appears that Plaintiff is alleging a "disparate treatment" claim, which is "when the plaintiff alleges that he was treated 'less favorably than others because of [his] race, color, . . . or national origin.'" *Newman v. Howard Univ. Sch. of L.*, 715 F. Supp. 3d 86, 106 (D.D.C. 2024) (first alteration in original) (quoting *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 985–86 (1988)).

#### A.  Individual Defendants Under Title VI

To start, Plaintiff only names individuals as defendants in his SAC. (Doc. 28 at 2.) Defendants argue that "statute relief under § 2000d does not provide relief against individual Defendants." (Doc. 30 at 6.) The Court agrees. "Numerous courts in the Ninth Circuit have held that only an entity that is a recipient of federal funding—and not an individual—can be held liable under Title VI." *Ralon v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-03344-JCS, 2024 WL 4933330, at *3 (N.D. Cal. Dec. 2, 2024) (citing cases).

As noted, Title VI precludes discrimination "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. This language has been interpreted as "preclude[ing] liability against those who do not receive federal funding, including individuals." *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 (11th Cir. 2003). "To conclude otherwise, and license individual liability for violations of Title VI, would exceed the allowed scope of government enforcement action under the statute. That 'power may only be exercised against the funding recipient, and we have not extended damages liability . . . outside the scope of this power.'" *Id.* (alteration in original) (quoting *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 641 (1999)). Accordingly, the Court finds that Plaintiff failed to state a claim because Defendants, as individuals, may not be sued under Title VI. Accordingly, the Defendants will be dismissed from this case.

### B. Failure to State a Claim

Even assuming that individuals can be sued under Title VI, Plaintiff still fails to set forth a cognizable legal theory. "Private parties seeking judicial enforcement of Title VI's nondiscrimination protections must prove intentional discrimination." *Yu. v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021). That is, "the plaintiff must show that the harm that befell him was *because of his race*." *Newman*, 715 F. Supp. 3d at 107 (emphasis in original). In Title VI discrimination cases, the "basic allocations of burdens and order of presentation of proof" follow the *McDonnel Douglas* framework. *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53 (1981)).[1] As applicable here, Plaintiff initially "has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Id.* (quoting *Burdine*, 450 U.S. at 252–53). To establish a prima facie case, "a plaintiff must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Reynaga*, 847

---

[1] The *McDonnell Douglas* framework comes from the Supreme Court's decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a Title VII case. In *Rashdan*, the Ninth Circuit held that the *McDonnel Douglas* framework applies in Title VI cases. 764 F.3d at 1182. Additionally, the Ninth Circuit has provided that "nothing compels the parties to use the *McDonnell Douglas* framework." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017).

F.3d at 690 (alteration in original) (quoting *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1110 (9th Cir. 1991)).  A plaintiff satisfies this burden by proffering "direct or circumstantial evidence demonstrating that a discriminatory reason 'more likely than not motivated' the employer." *Id.* at 691 (quoting *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007)).

Plaintiff's allegations against Defendants remain mostly unchanged.  *See Ardalan*, 2025 WL 743989, at *4.  Again, Plaintiff has merely provided a list of grievances against his various professors.  Those assertions are as follows.

**Professor Shapiro**: Plaintiff alleges that Professor Shapiro harassed him by "different means" and responded to his question during an exam by saying, "I do not know, it's your problem, I am not sitting with you on the day of the NCLEX exam."  (Doc. 28 at 3–4.)  Plaintiff now alleges that Professor Shapiro "treated [him] different as compared to other classmates," "had a personal vendetta against" him, and "was ruthless toward" him.  (Doc. 28 at 4.)

**Professor Benitez**: Plaintiff alleges other students were allowed "unlimited practice" on mannequins prior to starting clinical courses at the hospital.  (Doc. 28 at 6.)  However, Professor Benitez told Plaintiff "that she [would] not have time to work with [him] anymore."  (Doc. 28 at 3, 6.)

**Professor Short**: Plaintiff alleges that he asked Professor Short if he could work night shifts for clinicals because he had difficulty sleeping.  (Doc. 28 at 13.)  Professor Short reported to the school "that the student does not intentionally sleep at night and, there, cannot work well during the day."  (Doc. 28 at 13.)  Plaintiff also alleges that he approached Professor Short after his clinical mentor nurse did not sign a paper signifying that he met the daily clinical requirements.  (Doc. 28 at 13.)  Professor Short had the mentor nurse draft a report which Professor Short took to the school "and made that a contact, which stayed in [Plaintiff's records] forever."  (Doc. 28 at 13.)

**Professor Elstro**: Plaintiff alleges that when Professor Elstro discovered that he was previously a physician in Iran, she told him, "I do not want you to say your academic opinion or correct me in the class discussion; because then the students get confused and do not know to believe me or you."  (Doc. 28 at 7.)

The Court previously noted that "[Plaintiff's] allegations are unadorned with the requisite factual enhancement to show that the professors engaged in purposeful discrimination

- 5 -

required under 42 U.S.C. § 2000d." *See Ardalan*, 2025 WL 743989, at *4. The same is true here.

To start, none of the complained of actions directly establish discriminatory animus. *See Rashdan*, 764 F.3d at 1183. Plaintiff does not identify an instance where a Defendant's discriminatory animus is apparent "without inference or presumption." *See id.* (quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003)). Nor has Plaintiff alleged any facts which indirectly suggest that that the Defendants discriminated against him. Although Plaintiff's "allegations might be 'consistent' with a Title VI violation, they 'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *See Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 Fed.Appx. 11, 14 (2nd Cir. 2013) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff has failed to establish any plausible connection between Defendant's actions and his race, color, or national origin.

There is a complete lack of evidence indicating that Defendants were motivated by racial bias. Plaintiff does not point to a single instance in which any Defendant referenced or alluded, by word or deed, to either his race, color, or national origin. Instead, Plaintiff lodges threadbare allegations that Defendants' actions alone evidence discrimination. However, these allegations are purely conclusory and are insufficient to state a plausible claim of relief. *See Gregory v. Daly*, 243 F.3d 687, 692 (2nd Cir. 2001) ("[A] simple declaration that defendant's conduct violated the ultimate legal standard at issue (*e.g.*, it was 'because of sex' or 'severe or pervasive') does not suffice."); *Albert v. Carovano*, 851 F.2d 561, 572 (2nd Cir. 1988) ("The naked allegation that appellees selectively enforced the College rules against plaintiffs because they are black or Latin is too conclusory to survive a motion to dismiss." (citation modified)).

## IV.   LEAVE TO AMEND

Rule15(a) requires that leave to amend be "freely give[n] when justice so requires." Leave to amend should not be denied unless "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).

Leave to amend can also be denied based on a "failure to cure deficiencies by amendments previously allowed." *See Eminence Capital, LLC c. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff was given leave to amend his complaint, but he has failed to cure the deficiencies. Plaintiffs' failure convinces the Court that further amendment would be futile. To start, every named defendant has been dismissed from the case. However, this deficiency would not be cured even if Plaintiff sued a party amenable to suit. The Court dismisses Plaintiff's Complaint without leave to amend because of Plaintiff's repeated failure to allege a Title VI claim.

## V.   CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Dismiss (Doc. 30).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 11th day of September, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge